IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOWN OF GEORGETOWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 15-554-SLR |
| | ) |
| DAVID A. BRAMBLE, INC. and | ) |
| LIBERTY MUTUAL INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of August, 2015, having reviewed plaintiff's motion to remand and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 4) is denied, for the reasons that follow:

1. On June 10, 2015, plaintiff, the Town of Georgetown, filed a complaint in the Superior Court of the State of Delaware in and for Sussex County against the above identified defendants, David A. Bramble, Inc. ("Bramble") and Liberty Mutual Insurance Company ("Liberty Mutual"), asserting claims of breach of contract and surety bond arising out of an allegedly defective $1.2 million construction project publicly contracted for by plaintiff, a municipality of the State of Delaware. The bond at issue, a Performance Bond, was issued by defendants for plaintiff's benefit as owner of the project, and contains a forum selection clause which provides that "**[a]ny proceeding**, legal or equitable, under this Bond **may be instituted** in any court of competent

jurisdiction, in the location in which the Work . . . is located." (Ex. C at ¶ 8 attached to the complaint, D.I. 1, ex. A) (emphasis added) Defendant Bramble timely filed a notice of removal, with the consent of Liberty Mutual. (D.I. 1, ex. B) Plaintiff filed its motion to remand on July 14, 2015. (D.I. 4) Plaintiff does not dispute that the parties have diversity of citizenship, consistent with 28 U.S.C. §§ 1332 and 1441(b). (D.I. 4 at 1)

2. The exercise of removal jurisdiction is generally governed by 28 U.S.C. § 1441(a).[1] Under Third Circuit precedent, "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.3d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987), which in turn cited *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). The Third Circuit has also recognized, however, that while "remand based on a forum selection clause is lawful," a district court must "determine contractual waiver of the right to remove using the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions." *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1217 n.15 (3d Cir. 1991).

3. The forum selection clause at issue contains no mandatory language, such as found in, e.g., *E.I. DuPont de Nemours and Co. v. Quality Carriers, Inc.*, 2011 WL

---

[1]Section 1441(a) provides that:
 (a) **Generally.** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

2

776211 (D. Del. Feb. 28, 2011);[2] *Interdigital, Inc. v. Wistron Corp.*, Civ. No. 15-478-LPS (D. Del. June 18, 2015 (D.I. 4, ex.A);[3] and *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d at 1216.[4] Indeed, by the plain language of the contract at issue, the parties at bar did nothing more than to agree that a legal proceeding **may** be brought in a court located in Delaware. The parties at bar did not expressly consent (or submit) to any court's exclusive jurisdiction, and did not expressly waive their right either to object to such jurisdiction or to remove.

4. Although plaintiff implicitly argues that the policies favoring remand trump the contractual language to which the parties agreed and are bound,[5] the Third Circuit has

---

[2]"**The Parties hereby reciprocally and irrevocably waive in advance any and all objections to the Delaware courts as forums** based upon any question of venue; the doctrine of forum non conveniens; . . . or any other doctrine, statute, rule or practice or fact." (Emphasis added)

[3]"The Parties **irrevocably consent to exclusive jurisdiction and venue** of the state and federal court in the State of Delaware. . . ." (Emphasis added)

[4]"**[A]t the request of the Company, [Chesapeake] will submit to the jurisdiction of any court of** competent jurisdiction within the United States and will comply with all requirements necessary to give **such court** jurisdiction; and all matter arising hereunder shall be determined in accordance with the law and practice of **such court**. (Emphasis added)

[5]Or, as characterized by the court in *Newman/Haas Racing v. Unelko Corp.*, 813 F. Supp. 1345, 1347 (N.D. III. 1993), "[p]laintiff argues that the provision entitles whichever party commences an action under the contract to choose among any of the designated fora and to have that choice respected." *Id.* at 1347. The forum selection clause in that case provided that "[t]he parties hereto consent to venue and jurisdiction of the Federal and States courts located in Lake and/or Cook County, Illinois." The court concluded that such language was "more in the nature of a geographic limitation than a vesting in the claimant of the exclusive right to choose." *Id.* at 1348.

3

rejected this approach, at least to the extent that district courts are directed to "engag[e] in contractual construction" to "determin[e] the legal effect of [such] clause[s]. *See Foster*, 933 F.2d at 1216. Analyzing the language in dispute in *E.I. DuPont de Nemours*, I reasoned that, because the parties expressly waived their right to object to the Delaware courts as forums, defendant could not raise an objection to the plaintiff's chosen forum, a Delaware state court. 2011 WL 776211 at *3. Chief Judge Stark likewise based his decision to remand on the language of the forum selection clause at issue, whereby the parties "irrevocably consent[ed] to exclusive jurisdiction and venue of the state and federal courts in" Delaware, holding that such language "at least arguably constitutes a contractual waiver of the parties' right to remove" and, therefore, resolving all doubts in favor of remand. *(Interdigital, Inc.*, D.I. 4, ex. A at 2-3)

5. I conclude that the permissive language used in the parties' forum selection clause at bar does not even arguably constitute a contractual waiver of the defendants' right to remove, a conclusion that finds support in the case law. *See, e.g., Little League Baseball, Inc. v. Welsh Pub. Group Inc.*, 874 F. Supp. 648, 655 (M.D. Pa. 1995); *Newman/Haas Racing v. Unelko Corp.*, 813 F. Supp. at 1348. Given that the parties at bar controlled the language of the forum selection clause in dispute, I decline to remand when such language cannot reasonably be construed as a contractual waiver of defendants' right to remove.

United States District Judge

4