## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

TOWN OF GEORGETOWN, )
)
      Plaintiff, )
)
v. ) Civ. No. 15-554-SLR
)
DAVID A. BRAMBLE, INC. and )
LIBERTY MUTUAL INSURANCE )
COMPANY, )
)
      Defendants, )
)
v. )
)
LEE RAIN, INC. and TRAVIS )
PATTERN & FOUNDRY, INC., )
)
      Third-Party Defendants. )

## MEMORANDUM

At Wilmington this 13th day of May, 2016, having reviewed plaintiff's motion for

reconsideration and the papers filed in connection therewith, the court grants in part

and denies in part the motion (D.I. 83), for the reasons that follow:

1. **Standard of review.** A motion for reconsideration is the "functional

equivalent" of a motion to alter or amend judgment under Federal Rule of Civil

Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir.

1990) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). The

standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a

motion for reconsideration is to "correct manifest errors of law or fact or to present

newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.* A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made and may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

2. **Background.** Plaintiff asks the court to reconsider its decision that issued on March 15, 2016 (D.I. 80-81) which denied plaintiff's motion to partially quash a subpoena served on Davis, Bowen & Friedel, Inc. ("DBF"). As explained in the court's decision, DBF is an independent contractor represented by separate counsel. DBF serves in the capacity of plaintiff's engineer, and was specifically hired to design and manage the project at issue. Based on the record presented, the court concluded that, because DBF was not plaintiff's "agent," the attorney-client privilege did not protect communications between plaintiff's counsel and DBF.

3. **Analysis.** Plaintiff argues in support of its motion that the attorney-client privilege can extend to professional entities over whom the client does not have "control and direction," i.e., the privilege can protect communications between a client and a

2

professional who is not an "agent." The court agrees. Unfortunately, however, the above proposition does not help plaintiff's cause. The case law cited by plaintiff involves third-party professionals hired specifically to prepare for litigation. *See, e.g., United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961) (accountant hired by counsel as litigation consultant); *3Com Corp. v. Diamond II Holdings, Inc.*, 2010 WL 2280734 (Del. Ch. May 31, 2010 (third-party investment banker consulted in connection with litigation); *Phillips v. Delaware Power & Light Co.,* 194 A.2d 690 (Del. Super. 1963) (insurer's report and photographs given to its attorneys for liability opinion); and *State ex rel. State Highway Dep't. v. 62.96247 Acres of Land*, 193 A.2d 799 (Del. Super. 1963) (non-testifying expert consultant).

4. In contrast to the cases just cited, DBF was not hired to prepare for litigation, but is literally a player in the litigation - a fact witness at best, a party subject to the risk of liability at worst. Under similar circumstances, courts have declined to shield from discovery potentially relevant communications such as the ones sought instantly. *See, e.g., United State v. Ackert*, 169 F.3d 136, 139 (2d Cir. 1999) (communications between taxpayer's lawyer and investment banker who provided an investment proposal to taxpayer were not protected by taxpayer's attorney-client privilege); *Cavallaro v. United States*, 284 F.3d 236, 247-48 (1st Cir. 2002) (accountant was not employed for the purpose of effecting communication between the lawyer and the client); *United States v. Adlman*, 68 F.3d 1495, 1499-1500 (2d Cir. 1995) (accountant's relationship with corporation not limited to the subject reorganization but included a long-standing role as a consultant); *U.S. Postal Service v. Phelps Dodge Refining*

3

*Corp.*, 852 F. Supp. 156, 161 (E.D.N.Y. 1994) (engineer not employed specifically to assist counsel). It is clear from the record that DBF was not hired specifically to assist counsel in connection with the above-captioned litigation but, instead, is an important witness to the facts underlying the litigation. The court declines to extend the scope of the attorney-client privilege to protect the requested communications between DBF and counsel for plaintiff.

5. Plaintiff raises the issue of work-product doctrine in its motion, an issue not addressed in the court's prior decision. Under the work-product doctrine, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). The court recognizes that a lawyer's work-product (e.g., notes memorializing an interview with a fact witness) is protected from discovery. *See In re Cendant Corp. Sec. Litig.,* 343 F.3d 658, 662 (3d Cir. 2003) (work product includes "interviews, statements, memoranda, correspondences, briefs, mental impressions, personal belief, and countless other tangible and intangible ways - aptly though roughly terms . . . as the 'work product of the lawyers.'") (citation omitted). The question is whether the material in dispute - written communications between plaintiff's counsel and a fact witness - likewise is protected.

6. Plaintiff represents that the documents sought are "**solely** communications to and from DBF and the Town's attorney arising at and after the time Defendants were put on notice of the initiation of default proceedings under the bond and the potential for litigation by the Town. The sole purpose of these communications was for DBF to

4

assist the Town attorney in claim assessment and litigation preparation." (D.I. 83 at 8) (emphasis in original)

7. Given the above analytical framework, and acknowledging the risk described by defendants that the work-product doctrine can be manipulated to shield from discovery relevant documents and testimony,[1] plaintiff will be required to produce for *in camera* inspection the documents at issue. Plaintiff should provide a cover letter (copied to defendants) identifying the documents submitted for review, and explaining (as one would in a privilege log) why the documents are protected. An order to this effect shall issue.

United States District Judge

---

[1] *See, e.g., State of New York v. Solvent Chemical Co., Inc.*, 166 F.R.D. 284, 289 (W.D.N.Y. 1996) (work-product doctrine did not apply where a party retained a previous employee and current fact witness as a litigation consultant).

5