IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TOWN OF GEORGETOWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 15-554-SLR |
| | ) | |
| DAVID A. BRAMBLE, INC. and LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LEE RAIN, INC. and TRAVIS PATTERN & FOUNDRY, INC., | ) ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 30th day of June, 2016, having reviewed, *in camera*, the documents submitted in connection with the pending work-product doctrine issue;

IT IS ORDERED that:

1. Pursuant to Fed. R. Civ. P. 26(b)(3), "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation . . . by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, . . . , or agent)."[1]  Fed. R. Civ. P. 26(b)(3)(A). By its plain language, an attorney need not be involved in the preparation of documents in order for such documents to be protected.  *See, e.g., Spaulding v. Denton,* 68 F.R.D. 342 (D.

---

[1] The court previously concluded that Davis, Bowen, & Friedel, Inc. is not an agent for the Town of Georgetown. (D.I. 94)

Del. 1975). It is reasonable for an attorney to have assistance from investigators, paralegals, and other non-attorneys. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 662 (3d Cir. 2003) (citing to *United States v. Nobles*, 422 U.S. 225, 238-39 (1975)).

2. Discovery of documents that reveal the "mental impressions, opinions, conclusions, and legal theories" of counsel "goes to the core of the work-product doctrine." *In re Cendant*, 343 F.3d at 667. The Town of Georgetown ("Town") attorney's legal theories and opinions are protected regardless of the sender or recipient. Conversely, documents (1, 16, 60, 105, 221, 239, 245, 272, 273, 274, 279, 280, 330, 464, 604, 656, 720, and 721) prepared by an employee or representative of Davis, Bowen, & Friedel, Inc. ("DBF") or the Town relating to the sprinkler system but not disclosing the Town attorney's legal theories or opinions are not protected.

3. Under Rule 26, the facts and opinions of a non-testifying expert, retained by a party in preparation for litigation, are shielded from discovery unless the moving party can show that there are "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. (26)(b)(4)(D)(ii). Defendants have not shown any such exceptional circumstances; therefore, the documents and communications relating to the experts or consultants hired by the Town[2] are protected from discovery. Documents (62, 223, and 685) discussing consultants or other companies hired by DBF fall outside of the work-product doctrine.

4. The Town's documents (233, 234, 278, 661, 702, 703, 725, 758, 764, 791, 792, 793, 794, 801, 876, 877, and 878) are not protected under the work-product

---

[2] The Town directly hired Lehigh Testing Labs and Dana Rosendahl.

2

doctrine because the attorney only carbon copied others or forwarded correspondence without comment or with "FYI." For documents where the original email was authored by the Town's attorney, the email was addressed to defendants, thus, it is unnecessary to protect it. A sent email to the defendant is no longer a draft of the attorney's work.

5. Work-product doctrine does not protect documents (233, 234, 253, 271, 277, 278, 666, and 878) forwarded among DBF, Town attorney, and/or Town employees for the purpose of keeping all parties informed of emails between the Town's attorney to defendants' attorneys or representatives. Documents (78, 130, 260, 300, 301, 304, 310, 399, 482, 483, 478, 479, 492, 789, and 790) between the above parties that contain updates from the defendants' on-site visits or communications are also not the Town attorney's work-product. Carbon copying the Town's attorney on an email does not afford it automatic protection.

6. The Town provided contradictory descriptions for several documents. Documents (253, 277, and 696) were included in the privilege log with the "nature of discussion" listed as "same as document [number]," yet the Town's attorney did not assert work-product doctrine protection for the referenced document. Also, unprotected documents (100 and 157) later appeared in the email strings of documents (98, 99, and 158) listed on the privilege log. The court only reviewed the portion of the documents that were not already unprotected by the Town's records.

7. Documents (56, 77, 296, 304, 307, 346, 347, 348, 478, 479, 703, 712, 757, 759, 684, and 949) consisting primarily of discussions to schedule meetings, Outlook confirmations of read emails, or notifications of calendar meetings do not reveal the

attorney's thoughts, impressions, or legal strategies and are not considered work-product.

8. Other miscellaneous documents (19, 315, 333, 977, and 978) from DBF are not protected.

9. Therefore, the following documents are not protected under the work-product doctrine: 1, 16, 19, 56, 60, 62, 77, 78, 99, 98, 105, 130, 158, 221, 223, 233, 234, 239, 253, 260, 271, 272, 273, 274, 277, 278, 279, 280, 296, 300, 301, 304, 307, 310, 315, 330, 333, 346, 347, 348, 399, 464, 478, 479, 482, 483, 492, 604, 656, 661, 666, 684, 685, 696, 702, 703, 712, 720, 721, 725, 757, 758, 759, 764, 789, 790, 791, 792, 793, 794, 801, 876, 877, 878, 949, 977, and 978.

United States District Judge