# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TOWN OF GEORGETOWN,  
a municipal corporation  
        Plaintiff,

    v.

DAVID A. BRAMBLE, INC. and  
LIBERTY MUTUAL INSURANCE COMPANY,

        Defendants,

    v.

LEE RAIN, INC., a foreign corporation, and  
TRAVIS PATTERN & FOUNDRY INC.,  
a foreign corporation

        Third-Party Defendants.

C.A. No. 15-554-LPS

## MEMORANDUM ORDER

Having reviewed the parties' proposed final pretrial order and attachments (D.I. 184)

("PTO"), and with the pretrial conference ("PTC") to be held tomorrow, and the jury trial in this

matter to begin on August 14, IT IS HEREBY ORDERED that:

1.      The parties' various objections contained in footnotes in the PTO (*see, e.g.*, at p.

13 n.8, p. 15 n.10, p. 22 n. 13), which largely relate to whether a particular issue is contested or

uncontested, or is an issue of law or of fact, are OVERRULED, as the Court determines that the

parties are simply preserving their rights. The Court will make necessary evidentiary decisions at

trial.

2.      With respect to deposition testimony designated by Defendants to be read or

played to the jury at trial (*see* PTO at 30-32), the Court OVERRULES WITHOUT PREJUDICE

Plaintiff's generalized objection (PTO at 30) to "all portions identified by Defendants." The

PTO contains the maximum universe of deposition designations and counter-designations, as

well as the maximum universe of objections to such designated testimony. It is anticipated that

as the parties finalize their trial presentations, the amount of designated testimony will likely be

narrowed.

In any event, and subject to the foregoing, should any objections to deposition testimony

remain following appropriate meet and confers, the following procedures will be used to resolve

such objections:

      a.     Each party will identify specific excerpts of prior testimony that it intends

to introduce by 6:00 p.m. two (2) calendar days before the start of the trial day on which that

witness's testimony will be offered. (For example, witnesses to be called by designation on

Monday must be disclosed by 6:00 p.m. the preceding Saturday, along with their proposed

testimony.)

      b.     The other side must identify any objections to the designated testimony,

and any counter-designations, no later than 9:00 p.m. that same day.

      c.     The parties shall meet and confer as to any objections no later than 12:00

p.m. the calendar day before the trial day on which that witness's testimony will be offered.

      d.     Any unresolved objections will be submitted to the Court in a joint

submission by 6:00 p.m. that same day. The joint submission shall include (i) a copy of the

entire proposed testimony of the witness at issue, clearly highlighting the designations and

counterdesignations; and (ii) a cover letter identifying the pending objections, as well as a brief

indication (no more than one sentence per objection and response) of the basis for the objection and the offering party's response to the objection.

Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the testimony or waiver of objection to the use of the testimony.

3. The PTO contains the maximum universe of exhibits that may be offered into evidence as well as all objections that may be offered to the admission of such exhibits, absent agreement among the parties or subsequent Order of the Court based upon a finding of good cause. If, after disclosure by a party of the specific exhibits or demonstratives to be used with a witness (or in opening statements or closing arguments), objections remain, the parties must bring those objections to the Court's attention no later than the morning on which they anticipate that the exhibit will be used in trial. Failure to comply with these procedures will result in waiver of the use of the exhibit or waiver of the objection.

4. Trial will begin, as has long been the schedule, on Monday, August 14. The case will be submitted to the jury no later than August 21. Counsel must appear each morning of trial at 8:30 a.m. The jury will be available each day from 9:00 a.m. to 5:00 p.m. other than on the first morning, when the jury pool is available beginning at 9:30 a.m. for jury selection.

The Court has determined that this case can be reasonably, fairly, and effectively tried in a maximum of **twenty (20) trial hours**. Parties will be charged time for direct, cross, and redirect examinations they conduct (including any testimony presented by deposition), opening statements and closing arguments they offer, time spent reading uncontested facts to the jury, and for arguments they make on any objections or motions outside the presence of the jury. The only

3

times that are not charged to any party are the time spent on jury selection, jury instruction (preliminary and final), jury deliberations, and any argument the Court permits on disputed jury instructions.

As the PTO contains unreasonable[1] and insufficiently specific requests for trial hours, the parties shall meet and confer and SUBMIT, **no later than 2:00 p.m. tomorrow, August 3**, their specific proposal(s) for how to split the 20 hours among the five parties appearing at trial.

5.      Plaintiff's motion *in limine* ("MIL") #1, to exclude certain testimony (e.g., pertaining to issues of causation or hypothetical alternative designs) that may be offered by Defendants from Scott Adkisson, is DENIED. Defendants will be permitted to present fact testimony from Adkisson, the design professional who designed the Pettyjohn Woods System ("System") about which this trial is concerned. The examples of supposed "hypotheticals" referenced by Plaintiff are not hypotheticals that call for expert testimony. *See generally Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 81 (3d Cir. 2009) ("When a lay witness has particularized knowledge by virtue of her experience, she may testify – even if the subject matter is specialized or technical – because the testimony is based upon a layerson's personal knowledge rather than on specialized knowledge within the scope of Rule 702."). However, Defendants will not be permitted to elicit expert testimony from Adkisson, as he has never been

---

[1]The Court expressly advised the parties at the motions hearing in late June that this case "strikes me as more like a five day trial than ten day trial." (Tr. at 103; *see also id.* at 104 ("I do want you to start thinking that this is more likely to be something we fit into one week in this court than two weeks.")) More particularly, the Court stated its expectation that by the time of the PTC "my supposition is that I will come out with a number on the order of 10 to 12 [hours per side] instead 20 to 25." (*Id.* at 107-08) Nonetheless, in the PTO Plaintiff requests 18 hours for its trial presentation and Defendants Bramble and Liberty "request 30 hours (jointly) for their trial presentation." (PTO at 37)

designated in this case as an expert. The Court will rule at trial on any specific objections that are made that a particular question calls for expert testimony.

6.    Plaintiff's MIL #2, to preclude testimony and argument that "low point drains" were necessary to the design of the System, is DENIED. Contrary to Plaintiff's assertion, the Court is not persuaded that what Defendants propose to do at trial "would be highly improper and would greatly confuse the jury." Plaintiff's objection to Defendants' proposed evidence and argument is based on factual disputes, which will be the responsibility of the jury to resolve. Further, Defendants' experts will be permitted to testify consistent with their reports and disclosed opinions, as no proper basis for excluding such testimony has been identified by Plaintiff.

7.    Plaintiff's MIL #3, to exclude the testimony of Travis expert Paulsen, is DENIED. Travis has met its burden to show that Paulsen's opinion is sufficiently reliable, will be of assistance to the jury, and meets all of the requirements for admissible expert testimony. Plaintiff's criticisms go to the weight that should be accorded to the witness's testimony, not its admissibility. *See also generally Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008) (noting liberal policy in favor of admissibility).

8.    Defendants' MIL #1, to exclude Plaintiff's attorneys' fee evidence, is GRANTED. As in *U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 77 (2d Cir. 2004), here the Court "grapple[s] with a contract term that is susceptible to two, equally valid interpretations." Plaintiff fails to respond to Defendants' assertion that, under the circumstances, the relevant provision(s) should be construed against it. *See generally Twin City Fire Ins. Co. v. Delaware Racing Ass'n*, 840 A.2d 624, 630 (Del. 2003) ("[A]mbiguities in a contract should be construed

against the drafter."). Moreover, "[u]nder the American Rule and Delaware law, litigants are normally responsible for paying their own litigation costs." *Mahani v. Edix Media Grp.*, Inc., 935 A.2d 242, 245 (Del. 2007). For that reason, in actions at law, "attorney's fees will not be awarded 'unless clearly provided for by statute or contract.'" *Pedrick v. Roten*, 70 F. Supp. 3d 638, 653 (D. Del. 2014) (quoting *Honaker v. Farmers Mut. Ins. Co.*, 313 A.2d 900, 904 (Del. Super. Ct.1973)); *see also Nat'l Union v. Rhone-Poulenc*, 1995 WL 1791083, at *2 (Del. Ch. Mar. 17, 1995). That standard is not met here. The Court is unable to conclude that the attorneys' fees Plaintiff seeks to recover are "legal . . . costs resulting from the Contractor's Default, and resulting from the actions of or failure to act of the Suret[y]." *Braspetro*, 369 F.3d at 76-77.[2]

9.      Defendants' MIL #2, to preclude Plaintiff from presenting its damages "estimate," is DENIED except to the limited extent stated below. For the reasons explained by Plaintiff, there is no meritorious basis to deny Plaintiff the opportunity to present evidence and argument that it has a "need" for a System replacement (as defined by Plaintiff in its opposition) and that Plaintiff was told by Defendants (and/or individuals or entities associated with Defendants) that the costs for that replacement are as identified in the "estimate." Defendants have pointed to no unfair prejudice that will result from permitting Plaintiffs to proceed in the manner the Court has described. However, Defendants' motion is GRANTED to the limited extent that Plaintiff will

---

[2]Plaintiff's citation to *Hicks & Warren LLC v. Liberty Mut. Ins. Co.*, 2011 WL 2436703 (S.D.N.Y. 2011), does not persuade the Court that it should deny the motion. In *Hicks*, there was strong extrinsic evidence of the parties' intent to shift fees. *See id.* at *6 ("Indeed, if the express fee-shifting provision in Paragraph 29 of the underlying Contract is an indication of the parties' intent, the 'legal costs' covered in Paragraph 6.2 of the Bond should include attorneys' fees incurred in disputes over the Contract.").

not be permitted to offer evidence (including expert opinion) or argument that the amounts listed in the "estimate" are **actually** the amounts "the Town would need to pay to obtain the identical above-ground system it now seeks to replace," as Plaintiff did not timely disclose an expert or other evidence to support this contention, and it would unfairly prejudice Defendants to permit Plaintiff to do so at this late date. Thus, while Plaintiff can attempt to prove that the "estimate" numbers are **what Plaintiff _was told_ it would cost** to replace the System, Plaintiff cannot attempt to prove that the "estimate" numbers are **actually what it would cost** to do so.

10. Defendants' MIL #3, to preclude Plaintiff from presenting information and evidence it supposedly "produced nine months after the close of fact discovery," is DENIED. The Court agrees with Plaintiff that the evidence in dispute is better characterized as timely supplementation of previously-produced evidence rather than as untimely produced new discovery. Defendants have also failed to persuade the Court they have been unfairly prejudiced by the timing of Plaintiff's production.

11. The parties shall be prepared to discuss, at the PTC tomorrow, how the Court should proceed with respect to the motion filed yesterday by Selective Insurance (D.I. 182).

August 2, 2017
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE